1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10                **EASTERN DIVISION**

11

12  ALFRED REAZA,                    )        No. EDCV 09-1897 (CW)
                                     )
13               Plaintiff,          )        DECISION AND ORDER
            v.                       )
14                                   )
    MICHAEL J. ASTRUE,               )
15  Commissioner, Social Security    )
    Administration,                  )
16                                   )
                 Defendant.          )
17  _____ )

18

19       The parties have consented, under 28 U.S.C. § 636(c), to the

20  jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21  review of the Commissioner's denial of disability benefits.  As

22  discussed below, the court finds that the Commissioner's decision

23  should be reversed and this matter remanded for further proceedings.

24                        **I.   BACKGROUND**

25       Plaintiff Alfred Reaza was born on July 19, 1954, and was fifty-

26  four years old at the time of his administrative hearing.

27  [Administrative Record ("AR") 15, 41.]  He has at least a high school

28  education and past relevant work experience as an office assistant.

                               1

1  [AR 15.]  Plaintiff alleges disability on the basis of post-traumatic

2  stress disorder, diabetes, and degenerative bone disease. [AR 85.]

3                    **II.  PROCEEDINGS IN THIS COURT**

4       Plaintiff's complaint was lodged on October 8, 2009, and filed on

5  October 19, 2009.  On April 20, 2010, Defendant filed an answer and

6  Plaintiff's administrative record.  On June 24, 2010, the parties

7  filed their Joint Stipulation ("JS") identifying matters not in

8  dispute, issues in dispute, the positions of the parties, and the

9  relief sought by each party.  This matter has been taken under

10 submission without oral argument.

11                 **III.  PRIOR ADMINISTRATIVE PROCEEDINGS**

12      Plaintiff applied for a period of disability and disability

13 insurance benefits on February 12, 2008, alleging disability since

14 December 1, 2003.  [AR 7.]  After the application was denied initially

15 and on reconsideration, Plaintiff requested an administrative hearing,

16 which was held on April 9, 2009, before an administrative law judge

17 ("ALJ"). [AR 41.]  Plaintiff appeared with counsel, and testimony was

18 taken from Plaintiff, two medical experts, and a vocational expert.

19 [AR 40.]  The ALJ denied benefits in a decision dated May 28, 2009.

20 [AR 7-17.]  When the Appeals Council denied review on September 11,

21 2009, the ALJ's decision became the Commissioner's final decision. [AR

22 1.]

23                    **IV.  STANDARD OF REVIEW**

24      Under 42 U.S.C. § 405(g), a district court may review the

25 Commissioner's decision to deny benefits.  The Commissioner's (or

26 ALJ's) findings and decision should be upheld if they are free of

27 legal error and supported by substantial evidence.  However, if the

28 court determines that a finding is based on legal error or is not

                                      2

1  supported by substantial evidence in the record, the court may reject
2  the finding and set aside the decision to deny benefits.  See Aukland
3  v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
4  Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
5  F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
6  1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
7  1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
8  v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

9        "Substantial evidence is more than a scintilla, but less than a
10  preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence
11  which a reasonable person might accept as adequate to support a
12  conclusion." Id.  To determine whether substantial evidence supports
13  a finding, a court must review the administrative record as a whole,
14  "weighing both the evidence that supports and the evidence that
15  detracts from the Commissioner's conclusion." Id.  "If the evidence
16  can reasonably support either affirming or reversing," the reviewing
17  court "may not substitute its judgment" for that of the Commissioner.
18  Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

19                          **V.  DISCUSSION**

20        **A.   THE FIVE-STEP EVALUATION**

21        To be eligible for disability benefits a claimant must
22  demonstrate a medically determinable impairment which prevents the
23  claimant from engaging in substantial gainful activity and which is
24  expected to result in death or to last for a continuous period of at
25  least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at
26  721; 42 U.S.C. § 423(d)(1)(A).

27        Disability claims are evaluated using a five-step test:
28            Step one: Is the claimant engaging in substantial

                                   3

gainful activity?  If so, the claimant is found not
disabled.  If not, proceed to step two.
     Step two: Does the claimant have a "severe" impairment?
If so, proceed to step three.  If not, then a finding of not
disabled is appropriate.
     Step three: Does the claimant's impairment or
combination of impairments meet or equal an impairment
listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
so, the claimant is automatically determined disabled.  If
not, proceed to step four.
     Step four: Is the claimant capable of performing his
past work?  If so, the claimant is not disabled.  If not,
proceed to step five.
     Step five: Does the claimant have the residual
functional capacity to perform any other work?  If so, the
claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107

S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20

C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or

"not disabled" at any step, there is no need to complete further

steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

     Claimants have the burden of proof at steps one through four,

subject to the presumption that Social Security hearings are non-

adversarial, and to the Commissioner's affirmative duty to assist

claimants in fully developing the record even if they are represented

by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at

1288.  If this burden is met, a prima facie case of disability is

made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[1], age,

---

     [1]  Residual functional capacity measures what a claimant can
still do despite existing "exertional" (strength-related) and
"nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155
n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
work without directly limiting strength, and include mental, sensory,
postural, manipulative, and environmental limitations.  Penny v.
Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

4

1  education, and work experience, a claimant can perform other work

2  which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098,

3  1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

4      **B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

5      Here, the ALJ found that Plaintiff had not engaged in substantial

6  gainful activity since his alleged disability onset date (step one).

7  [AR 9.]   Plaintiff had the following "severe" impairments: "overweight

8  with diabetes mellitus II under variable control and no significant

9  end-organ disease"; degenerative disc disease of the lumbar spine and

10  sacroiliitis; right shoulder impingement; sensori-neureal hearing

11  loss, mild; depressive disorder, not otherwise specified, with some

12  features of anxiety; a somatoform disorder, a psychiatric reaction to

13  his physical condition; a personality disorder, not otherwise

14  specified; and a history of alcohol dependence (step two). [<u>Id.</u>]

15  Plaintiff did not have an impairment or combination of impairments

16  that met or equaled a "listing" (step three). [AR 10.]   The ALJ

17  determined that Plaintiff had an RFC for light work, with a notable

18  limitation to "moderately complex tasks with four to five steps in a

19  habituated setting," without fast-paced work or responsibility for the

20  safety of others. [AR 10-11.]   The ALJ adopted the testimony of the

21  vocational expert, who stated that a person with Plaintiff's RFC could

22  not perform his past relevant work (step four) but could perform other

23  work in the national economy, such as office helper, information

24  clerk, and electronics worker (step five). [AR 15-16.]   Accordingly,

25  Plaintiff was found not "disabled" as defined by the Social Security

26

27  n.7; 20 C.F.R. § 404.1569a(c).   Pain may be either an exertional or a
    nonexertional limitation.   <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>,
28  765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1   Act. [AR 16.]

2       **C.   ISSUES IN DISPUTE**

3       The parties' Joint Stipulation identifies the following disputed

4   issues:

5       1.   Whether the ALJ properly considered the medical opinion of

6   Dr. Mark Pierce, a psychological consultative examiner;

7       2.   Whether, if the ALJ improperly considered Dr. Pierce's

8   opinion, the error was harmless;

9       3.   Whether the ALJ properly considered lay witness testimony;

10      4.   Whether the ALJ should have ordered a consultative orthopedic

11  examination; and

12      5.   Whether there was an inconsistency between the ALJ's RFC

13  finding and the Dictionary of Occupational Titles ("DOT").

14      [JS at 2-3.]

15      As discussed below, Issues One and Two are dispositive.

16      **D.   DISCUSSION**

17      In May 2008, Dr. Pierce conducted an evaluation of Plaintiff that

18  included a series of psychological tests. [AR 238-43.]  Throughout the

19  evaluation, Dr. Pierce found that Plaintiff did not give full effort

20  during the tests, which included a malingering-sensitive memory test.

21  [AR 238, 240, 241, 243.]  Dr. Pierce concluded that, "[d]espite

22  today's limited test performance, [Plaintiff] does not finally

23  convince that he would be significantly cognitively limited in

24  completing simple and repetitive to higher demand vocational skills or

25  from adapting to minimal changes in a work environment." [AR 243.]

26  More specifically, Dr. Pierce stated that Plaintiff "can remember and

27  comply with simple one and two part instructions" in a work setting.

28  [Id.]

6

1    Based on Dr. Pierce's evaluation, a state agency review physician
2    completed a mental RFC ("MRFC") assessment that stated, in pertinent
3    part, that Plaintiff was "capable of understanding, remembering and
4    carrying out one and two step instructions." [AR 258.]  The MRFC
5    assessment was affirmed in full by a separate agency physician. [AR
6    318.]

7    During the administrative hearing, a psychological medical expert
8    testified that, based on Dr. Pierce's evaluation and other evidence in
9    the record, Plaintiff was capable of work that involved "moderately
10   complex tasks consistent with his physical abilities" and that
11   involved "four to five step instructions." [AR 56.]  The ALJ adopted
12   the medical expert's opinion as to Plaintiff's RFC and posed a
13   hypothetical question to the vocational expert that reflected these
14   limitations; the vocational expert's response that other work in the
15   national economy was available was the basis of the ALJ's finding of
16   non-disability. [AR 73-74.]

17   Plaintiff argues that the ALJ's reliance on the medical expert's
18   opinion was improper because the opinion differed in significant
19   respects from the record evidence, without any apparent explanation.
20   [JS 4-5.]  Plaintiff's point is well-taken.  It is well-established
21   that the opinion of a non-examining medical expert cannot, by itself,
22   constitute substantial evidence to support the Commissioner's
23   disability determination unless it is supported by other evidence in
24   the record and is consistent with it.  See Andrews v. Shalala, 53 F.3d
25   1035, 1042 (9th Cir. 1995); Pitzer v. Sullivan, 908 F.2d 502, 506 n. 4
26   (9th Cir. 1990); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir.
27   1984).  Here, the medical expert's testimony that Plaintiff could
28   perform moderately complex tasks involving four to five step

7

instructions was not supported by or consistent with other evidence in the record.  In fact, it was plainly inconsistent with the opinion of the examining physician, Dr. Pierce, and the two state agency review physicians that Plaintiff should be limited to performing simple one and two part instructions in a work setting.  Under these circumstances, the medical expert's opinion was not substantial evidence to support the non-disability finding.  See Gallant, 753 F.2d 1454 ("A report of a non-examining, non-treating physician should be discounted and is not substantial evidence when contradicted by all other evidence in the record.").[2]

Finally, the error was not harmless.  A hypothetical question that posed a functional limitation to one or two step work tasks, consistent with Dr. Pierce's opinion, would preclude all of the jobs cited by the vocational expert as evidence of Plaintiff's ability to work.  According to the DOT, those jobs require a reasoning level of at least "two."  See DOT 237.367-018 (information clerk), 239-567-010 (office helper), 726.687-010 (electronics worker).  However, Plaintiff's limitation to simple one and two part instructions is consistent with a reasoning level of "one."  See Meissl v. Barnhart, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005)(DOT describes Level One reasoning as ability to "[a]pply commonsense understanding to carry out simple one- or twostep instructions" in "standardized situations with or no variables"); Grisby v. Astrue, No. EDCV 08-1413 AJW, 2010

---

[2] Defendant's argument that the medical expert's less restrictive opinion constituted a substantial basis for the ALJ's opinion because the record showed that Plaintiff was suspected of malingering during the evaluation by Dr. Pierce is not well-taken. Rather, it is evident that Dr. Pierce based his conclusion about Plaintiff's mental functional capacity despite any malingering behavior.

8

1    WL 309013 at *4 (C.D. Cal. Jan. 22, 2010)("The restriction to jobs
2    involving no more than two-step instructions is what distinguishes
3    Level 1 reasoning from Level 2 reasoning.").  Under these
4    circumstances, remand for redetermination of Plaintiff's ability to
5    perform other work in the national economy is appropriate.[3]  <u>See</u>
6    <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-1178 (9th Cir. 2000)(where there
7    are outstanding issues that must be resolved before a determination
8    can be made, and it is not clear from the record that the ALJ would be
9    required to find the claimant disabled if all the evidence were
10   properly evaluated, remand is appropriate).

**VI.  <u>ORDERS</u>**

11

12        Accordingly, **IT IS ORDERED** that:

13        1.    The decision of the Commissioner is **REVERSED**.

14        2.    This action is **REMANDED** to defendant, pursuant to Sentence
15   Four of 42 U.S.C. § 405(g), for further proceedings as discussed
16   above.

17        3.    The Clerk of the Court shall serve this Decision and Order
18   and the Judgment herein on all parties or counsel.

19

20   DATED: March 21, 2011

21                                    _Carla M. Woehrle_
22                                    CARLA M. WOEHRLE
                                      United States Magistrate Judge

23

24

25

26

---

27        [3]   None of the remaining issues raised by Plaintiff, even if they
     had merit, would warrant a finding of disability on the basis of the
28   current record.

9